FAITH A. BOUDOIN

VERSUS

SAFECO INSURANCE COMPANY OF
OREGON, ET AL

NO. 23-CA-123

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 759-719, DIVISION "M"
HONORABLE SHAYNA BEEVERS MORVANT, JUDGE PRESIDING


October 25, 2023


**SCOTT U. SCHLEGEL**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and Scott U. Schlegel


**REVERSED; SUMMARY JUDGMENT GRANTED;**
**PLAINTIFF'S CLAIMS AGAINST CONTINENTAL**
**CASUALTY COMPANY DISMISSED WITH PREJUDICE**
    **SUS**
    **FHW**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
FAITH A. BOUDOIN
    Paul E. Mayeaux

COUNSEL FOR DEFENDANT/APPELLANT,
CONTINENTAL CASUALTY COMPANY
    Catherine N. Thigpen
    Ashley E. Gilbert

COUNSEL FOR DEFENDANT/APPELLEE,
RLI INSURANCE COMPANY
    Matthew D. Moghis
    William Peter Connick
    Michael S. Futrell
    Tucker H. Wimberly
    Thomas P. Owen, Jr.

COUNSEL FOR DEFENDANT/APPELLEE,
RURAL TRUST INSURANCE COMPANY
    Jason P. Foote
    Devin Caboni-Quinn
    Kaleigh K. Rooney

**SCHLEGEL, J.**

Defendant, Continental Casualty Company (Continental), appeals the trial court's September 7, 2022 Judgment, which found that Louisiana's anti-stacking provision, La. R.S. 22:1295(1)(c), did not apply to the uninsured/underinsured motorist (UM) insurance policies at issue in this matter. Consequently, the trial court denied Continental's summary judgment motion and granted summary judgment, in part, in favor of plaintiff, Faith Boudoin, and defendant, Rural Trust Insurance Company (Rural), as to the ranking or order of exhaustion of the UM policies at issue. Continental also contends that the trial court erred to the extent it allowed Ms. Boudoin to recover under its excess coverage policy issued to Eatel, in addition to Ms. Boudoin's personal UM policies.[1]

For reasons explained more fully in our decision in companion appeal, Case No. 23-CA-65, we reverse the trial court's September 7, 2022 Judgment granting summary judgment, in part, in favor of Ms. Boudoin and Rural on the issue of ranking, and grant summary judgment in favor of Continental based on our findings that 1) the anti-stacking law set forth in La. R.S. 22:1295(1)(c) applies to this matter, and 2) La. R.S. 22:1295(1)(e) prevents Ms. Boudoin from recovering against her employer's policy issued by Continental. We further dismiss Ms. Boudoin's claims against Continental with prejudice.

## FACTS AND PROCEDURAL BACKGROUND

On May 13, 2015, Ms. Boudoin was driving her own personal vehicle, a 2009 Mercury Mariner, in the course and scope of her employment with Eatel, when she was rear-ended by a 2014 Hyundai Accent driven by defendant, Teresa Fuhrman. Ms. Fuhrman's vehicle was covered by an automobile liability policy

---

[1] Co-defendant, RLI Insurance Company (RLI), filed an appeal in companion appeal, Case No. 23-CA-65, also contesting the trial court's judgment with respect to the application of the anti-stacking law. In addition, RLI argues on appeal that if the anti-stacking law applies, Ms. Boudoin must choose whether to recover from 1) her personal line of UM coverage issued by RLI, or 2) a line of UM coverage issued to her employer, Eatel, by Rural and Continental.

issued by Safeco Insurance Company of Oregon with a limit of $50,000.00, and she was also personally covered by a policy with Progressive Casualty Insurance Company with $15,000.00 limits. At the time of the accident, Ms. Boudoin personally maintained a policy with Allstate Property and Casualty Insurance Company (Allstate) that provided $250,000.00 in UM coverage, and a $1,000,000.00 personal umbrella policy with RLI. Eatel also maintained a commercial automobile policy through The Phoenix Insurance Company, a Travelers' company (Travelers) with $1,000,000.00 in UM coverage, an excess third-party liability policy with Continental with limits of $25,000,000.00, and a commercial excess/umbrella policy with Rural providing $10,000,000.00 in coverage.

Allstate tendered its policy limits of $250,000.00 to Ms. Boudoin, and on August 31, 2020, the trial court entered an order dismissing her claims against Allstate with prejudice. Ms. Boudoin also entered into a settlement agreement with Travelers on September 27, 2021 for $865,000.00 of its $1,000,000.00 UM policy limits, and on October 21, 2021, the trial court entered an order dismissing Travelers with prejudice. Following the settlement with Travelers, Ms. Boudoin, as well as several of the insurance companies, filed motions for summary judgment seeking rulings on coverage and ranking issues that are the subject of the present appeal.

Ms. Boudoin filed a summary judgment motion arguing that at the time of the accident she was covered by her personal UM policies and her employer's UM policies and that she is entitled to recover from all of them – her personal UM policy with RLI, as well as Eatel's UM policies with Continental and Rural. She further asked the trial court to rank the order of payment for the UM policies as follows: 1) Allstate; 2) RLI; 3) Travelers; 4) Continental; and 5) Rural. Rural filed

a similar summary judgment motion, but asked that the trial court rank its policy last in the order of payment arguing that its policy was a true excess policy.

Continental, on the other hand, argued in its summary judgment motion that the anti-stacking provision contained in the UM statute, La. R.S. 22:1295(1)(c), prohibited Ms. Boudoin from recovering against multiple UM policies because Ms. Boudoin owned the vehicle she occupied at the time of the accident. Continental also argued that, irrespective of whether coverage existed, La. R.S. 22:1295(1)(e) barred her from recovering under its policy because she was occupying a vehicle she owned at the time of the accident, which was not specifically listed in the Travelers or Continental policies. Therefore, Continental argued that Ms. Boudoin could only recover from her personal line of UM policies issued by Allstate and RLI.

RLI agreed that the anti-stacking provision applies in this matter, but filed its own motion for summary judgment arguing that Ms. Boudoin should be allowed to choose whether to pursue coverage under her personal line of UM policies with Allstate and RLI totaling $1,250,000.00 in limits, or Eatel's line of policies issued by Travelers, Continental, and Rural with total limits of $36,000,000.00. RLI further argued that if Ms. Boudoin chooses to recover under her personal line, then she could not recover any additional proceeds from RLI because she previously settled with Allstate and Travelers, which had combined UM policy limits of $1,250,000.00. RLI argued that allowing Ms. Boudoin to recover any further proceeds from RLI would violate the prohibition in La. R.S. 22:1295(1)(c) against increasing the limits provided under more than one policy. Finally, RLI argued that if the trial court reached the issue of ranking, its excess umbrella policy should be ranked after Travelers' primary UM policy.

Following oral argument on August 22, 2022, the trial court took the matter under submission. On September 7, 2022, the trial court issued a written judgment

with reasons granting Ms. Boudoin's and Rural's motions for summary judgment, in part, as to ranking, and denied Continental and RLI's summary judgment motions. On October 3, 2022, the trial court also entered an order designating this judgment as final pursuant to La. C.C.P. art. 1915(B).

## DISCUSSION AND DECREE

For the reasons stated more fully in our decision in companion appeal, *Boudoin v. Safeco Ins. Co. of Oregon, et.al,* Case No. 23-CA-65 (La. App. 5 Cir. 10/25/23), we reverse the trial court's September 7, 2022 Judgment granting Ms. Boudoin's and Rural's summary judgment motions, in part, on the issue of ranking and deny those summary judgment motions in their entirety. We grant Continental's summary judgment motion based on our findings that La. R.S. 22:1295(c) and (e) limit Ms. Boudoin to recovery against one line of UM insurance coverage, in this case her personal line, and dismiss Ms. Boudoin's claims against Continental with prejudice.

**REVERSED; SUMMARY JUDGMENT GRANTED; PLAINTIFF'S CLAIMS AGAINST CONTINENTAL CASUALTY COMPANY DISMISSED WITH PREJUDICE**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## <u>NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY</u>

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**<u>OCTOBER 25, 2023</u>** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 23-CA-123

### <u>E-NOTIFIED</u>
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE SHAYNA BEEVERS MORVANT (DISTRICT JUDGE)

PAUL E. MAYEAUX (APPELLEE)          CATHERINE N. THIGPEN (APPELLANT)          MATTHEW D. MOGHIS (APPELLEE)
MICHAEL S. FUTRELL (APPELLEE)       THOMAS P. OWEN, JR. (APPELLEE)            WILLIAM PETER CONNICK (APPELLEE)
JASON P. FOOTE (APPELLEE)

### <u>MAILED</u>
JOHN J. ERNY, III (APPELLEE)        DEVIN CABONI-QUINN (APPELLEE)             TUCKER H. WIMBERLY (APPELLEE)
ATTORNEY AT LAW                     KALEIGH K. ROONEY (APPELLEE)              ATTORNEY AT LAW
1425 AIRLINE DRIVE                  ATTORNEYS AT LAW                          3421 NORTH CAUSEWAY BOULEVARD
SUITE 200                           2821 RICHLAND AVENUE                      SUITE 408
METAIRIE, LA 70001                  SUITE 202                                 METAIRIE, LA 70002
                                    METAIRIE, LA 70002

PAUL MICHAEL ELVIR, JR. (APPELLEE)                                            ASHLEY E. GILBERT (APPELLANT)
ATTORNEY AT LAW                     DONALD R. KLOTZ, JR. (APPELLEE)           ATTORNEY AT LAW
3900 NORTH CAUSEWAY BOULEVARD       ATTORNEY AT LAW                           ONE GALLERIA BOULEVARD
SUITE 650                           701 POYDRAS STREET                        SUITE 1530
METAIRIE, LA 70002                  SUITE 4700                                METAIRIE, LA 70001
                                    NEW ORLEANS, LA 70139